### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF OHIO
#### WESTERN DIVISION

| | |
|---|---|
| DAVE EASLEY, | Case No. 1:14-cv-891 |
|     Plaintiff, | |
| | Beckwith, J. |
| vs | Bowman, M.J. |
| | |
| KRISTAL LITTLE, et al., | **ORDER AND REPORT** |
|     Defendants. | **AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against five SOCF employees and Dana Judd of the Ohio Department of Rehabilitation and Correction (ODRC).  (*See* Doc. 1, Complaint, p. 4, at PAGID#: 12).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this § 1983 action against the following defendants: SOCF correctional officers Kristal Little and Gary Haywood; Rosie Clagg, SOCF's "Health Care Administrator"; Sarah Warren, SOCF's "Mail Room Clerk"; Lt. Frazie, SOCF's "Mail Room Supervisor"; and Dana Judd, a member of ODRC's "Screening Publication Committee." (*See* Doc. 1, Complaint, pp. 4-5, 7-10, at PAGEID#: 12-13, 15-18). Although the complaint is rambling and sometimes difficult to follow, construing it liberally, it appears that plaintiff is bringing two causes of action—one against defendants Little, Haywood and Clagg based on an incident that occurred at SOCF on or about January 19, 2014, and another against defendants Warren, Frazie and Judd. (*See id.*).

In the first cause of action brought against defendants Little, Haywood and Clagg, plaintiff alleges that Little used excessive force against him on or about January 19, 2014 when she maced him while he was handcuffed and shackled and posed "no threat." (*See id.*, pp. 5, 7, at PAGEID#: 13, 15). Plaintiff claims that Little maced him because he had called her "Kristal" and because he had filed a lawsuit against "her partner," defendant Haywood. (*Id.*, p. 7, at

3

PAGEID#: 15).[1] Plaintiff also alleges that Little and Haywood, who was present when plaintiff was maced by Little, refused to allow him to remove the mace that was in his mouth and eyes or "to decontaminate." (*See id.*, p. 7, at PAGEID#: 15). In addition, plaintiff avers that pursuant to a policy initiated by defendant Clagg "to not allow nurses to decontaminate," he was denied medical assistance "to remove and decontaminate" at the time of the incident. (*Id.*, pp. 7-8, at PAGEID#: 15-16). Plaintiff claims that, because he was not permitted to "decontaminate," he slept "in burning mace for several days" and that, as a result, he suffered "second degree burns" to his eyelids, which "ble[]d and peeled," as well as "vision loss." (*Id.*, p. 7, at PAGEID#: 15). Finally, plaintiff alleges that he was improperly disciplined because he was sent to "the hole" based on an "incorrect rule" violation charge by defendant Little. (*Id.*, p. 8, at PAGEID#: 16).

At this juncture, the Court concludes that plaintiff may proceed with his cause of action against defendants Little, Haywood and Clagg to the extent that he has alleged (1) Little violated the Eighth Amendment by using excessive force against him through the use of mace while he was handcuffed and shackled; (2) Little maced him in retaliation for exercising his First Amendment right of access to the courts; (3) Haywood participated and/or acquiesced in Little's alleged unconstitutional conduct; and (4) Little's, Haywood's and Clagg's refusal to allow him to remove the mace from his eyes and mouth or to obtain medical decontamination assistance immediately after he was maced amounted to deliberate indifference to his safety and medical needs. *See* 28 U.S.C. § 1915(e)(2)(B).

However, to the extent that plaintiff seeks to bring a claim against Little stemming from a disciplinary sanction that was imposed as a result of an allegedly "incorrect" charge lodged

---

[1] The lawsuit filed against Haywood, which is currently pending in this Court, is entitled *Easley v. Haywood*, Case No. 1:08-cv-601 (TSB; SKB). (*See* Doc. 1, Complaint, p. 5, at PAGEID#: 13).

by Little, plaintiff has not stated a claim upon which relief may be granted by this Court. Plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that Little's conduct was retaliatory in nature or that the challenged disciplinary action deprived him of a protected liberty interest.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir.) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"), *cert. denied*, 133 S.Ct. 429 (2012). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns. Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, any claim against Little for the disciplinary action taken against him fails to state a cognizable federal claim.

In addition, plaintiff's second cause of action brought against defendants Warren, Frazie and Judd is subject to dismissal at this stage in the proceedings. In his second cause of action, plaintiff essentially challenges Judd's adoption and Warren's and Frazie's application of a "broad sweeping censorship screening process" to ban his receipt of a wide range of magazines, books and music CDs, including those of a sexual nature that "female clerks don't agree with d[ue] to their moral beliefs and feminism." (*See* Doc. 1, Complaint, pp. 8-10, at PAGEID#: 16-18). Plaintiff previously alleged a similar, if not identical, claim against the same defendants in a complaint that he filed with this Court in January 2014. *See Easley v. Dana Judd, et al.*, No. 1:14-cv-100 (SJD; SKB) (Doc. 3, pp. 7-8 & Doc. 5, pp. 4-5).[2] Although plaintiff was allowed to proceed with the claim against Warren, Frazie and Judd in the prior action (*see id.,* Docs. 5, 14), that case was ultimately dismissed on July 24, 2014 for lack of prosecution due to plaintiff's failure to comply with a Deficiency Order requiring him to provide service copies of his complaint after he had been granted two extensions of time in which to do so. *See id.* (Docs. 6, 22, 24-25).

---

[2] This Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

Fed. R. Civ. P. 41(b) provides in pertinent part that except in certain circumstances not present in this action, the involuntary dismissal of a complaint for failure to prosecute or to comply with a court order "operates as an adjudication on the merits." Although "issue preclusion, or collateral estoppel, does not attach to a judgment dismissing a suit for lack of prosecution," it is well-settled that because a dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute amounts to a dismissal on the merits, a plaintiff is "barred under the doctrine of res judicata, or claim preclusion, from litigating between [the same] parties all claims which were or could have been litigated in his prior suit." *See Fondel v. Ford Motor Co.*, No. 85-1759, 1986 WL 17729, at *1 (6th Cir. Sept. 25, 1986) (and cases cited therein); *see also Baldwin v. Marshall & Ilsley Financial Corp.,* No. 1:11cv804, 2011 WL 7499434, at *5 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Consideration of claims asserted in a subsequent complaint is precluded under the *res judicata* or claim preclusion doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims that were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation marks omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *Baldwin, supra*, 2011 WL 7499434, at *5.

The undersigned finds all four elements necessary for the application of the claim preclusion doctrine are present to bar the cause of action that plaintiff now seeks to bring against defendants Warren, Frazie and Judd. First, as discussed above and in accordance with Fed. R. Civ. P. 41(b), the dismissal of plaintiff's prior complaint in Case No. 1:14-cv-100 for lack of prosecution operated as an adjudication on the merits for *res judicata* purposes and constitutes a final judgment by the District Court in that matter. *See, e.g., Baldwin, supra*, 2011 WL 7499434, at *6 & n.2 (and numerous analogous cases cited therein); *see also Fondel, supra,* 1986 WL 17729, at *1 (citing *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468 (11th Cir. 1986); *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978)). Second, the cause of action alleged in the instant case involves the same parties as the prior action and raises the same issues or claims that were actually adjudicated or should have been raised and adjudicated in the prior action. In addition, the two causes of action arise from the same core of operative facts. Therefore, because it is clear from the face of the complaint that the *res judicata* or claim preclusion doctrine applies to bar plaintiff's cause of action against defendants Warren, Frazie and Judd, plaintiff's claims against those individuals should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The following claims be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted by this Court: (1) plaintiff's claims against defendants Sarah Warren, Lt. Frazie and Dana Judd; and (2) any claim against defendant Kristal Little based on a disciplinary sanction that was imposed as a result of an allegedly "incorrect" charge lodged against plaintiff by Little.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's motion (Doc. 5) requesting a 60-day extension of time in which to submit to the Court service copies of his complaint and completed summons and United States Marshal forms is **GRANTED**.  It appears from the Court's docket records that in response to plaintiff's motion for extension, which was filed on December 5, 2014, the Clerk of Court sent to plaintiff on that date the requested number of summons and United States Marshal forms to be completed and submitted by plaintiff to this Court, as well as "a blank complaint form."   Because plaintiff must make service copies of the complaint that he filed with this Court on November 20, 2014 as an attachment to his *in forma pauperis* application (*see* Doc. 1), the Clerk is **DIRECTED** to send plaintiff a copy of that complaint for service purposes.

It is **FURTHER ORDERED** that within **sixty (60) days** of the date of this Order, plaintiff shall submit to the Court:  (1) three (3) copies of the complaint so that the named defendants who remain in the case—Kristal Little, Gary Haywood and Rosie Clagg—may be served with the complaint; and (2) completed summons and United States Marshal forms for those defendants.   Upon receipt of the service copies of the complaint and completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.  However, plaintiff is hereby **NOTIFIED** that no further extensions will be allowed in which to comply with this Order and that if he does not submit service copies of the complaint and completed summons and United States Marshal forms for the three defendants who remain in this case within the requisite 60-day period, the complaint shall be dismissed with prejudice for lack of prosecution.

    2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

    *s/Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DAVE EASLEY,
    Plaintiff,

vs

KRISTAL LITTLE, et al.,
    Defendants.

Case No. 1:14-cv-891

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc